## IN THE UNITED STATES DISTRICT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Newport News Division



**BOBBY BLAND**
20 Kettering Lane
Hampton, VA  23666

and

**DANIEL RAY CARTER, JR.**
341F Advocate Court
Newport News, VA  23608

and

**DAVID W. DIXON**
16 Woodsman Road
Hampton, VA  23666

and

**ROBERT W. MCCOY**
5 Clover Street
Hampton, VA  23669

and

**JOHN C. SANDHOFER**
3775 Kecoughtan Road, #2
Hampton, VA  23669

and

**DEBRA H. WOODWARD**
131 Eggleston Avenue
Hampton, VA  23669-4617

       **Plaintiffs,**

v.

CASE NO.: 4:11-cv-45

*JURY TRIAL DEMANDED*

**B.J. ROBERTS, individually and in his official
capacity as Sheriff of the City of Hampton,
Virginia**

      **Defendant.**

**SERVE:**      **B.J. Roberts**
                **Sheriff of the City of Hampton**
                **City of Hampton Sheriff's Office**
                **22 Lincoln Street**
                **Hampton, Virginia 23669**

## COMPLAINT

      The Plaintiffs, Bobby Bland, Daniel Ray Carter, Jr., David W. Dixon, Robert W. McCoy,

John C. Sandhofer and Debra H. Woodward ("Plaintiffs"), by counsel, for their Complaint

against B.J. Roberts ("Defendant" or "Roberts"), state and allege as follows:

### NATURE OF THE CASE

      1.      This is a civil action seeking damages against Defendant for committing acts

under color of state law which deprived all Plaintiffs of rights secured under the Constitution and

laws of the United States.

### JURISDICTION AND VENUE

      2.      This action arises as a result of Defendant's violation of Plaintiffs' constitutional

rights and, accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1343

and 1367, as well as 42 U.S.C. § 1983.

      3.      Venue is appropriate in this Court under 28 U.S.C. § 1391 because all acts and/or

omissions described herein occurred in the City of Hampton, Virginia, the Defendant is a

resident of the City of Hampton and this municipality is located within the Eastern District of

Virginia, Newport News Division.

## PARTIES

4.      Plaintiff Bobby Bland is, and was at all times relevant to this Complaint, a resident of Hampton, Virginia and a citizen of the Commonwealth of Virginia and the United States. Prior to his wrongful termination he was a non-sworn, non-uniformed administrative civilian employee within the Hampton Sheriff's Office (sometimes referred to herein as the "Office").

5.      Plaintiff Daniel Ray Carter, Jr. is, and was at all times relevant to this Complaint, a resident of Newport News, Virginia and a citizen of the Commonwealth of Virginia and the United States. Prior to his wrongful termination he was a sworn, uniformed Deputy Sheriff within the Hampton Sheriff's Office.

6.      Plaintiff David W. Dixon is, and was at all times relevant to this Complaint, a resident of Hampton, Virginia and a citizen of the Commonwealth of Virginia and the United States. Prior to his wrongful termination he was a sworn, uniformed Deputy Sheriff within the Hampton Sheriff's Office.

7.      Plaintiff Robert W. McCoy is, and was at all times relevant to this Complaint, a resident of Hampton, Virginia and a citizen of the Commonwealth of Virginia and the United States. Prior to his wrongful termination he was a sworn, uniformed Deputy Sheriff within the Hampton Sheriff's Office.

8.      Plaintiff John C. Sandhofer is, and was at all times relevant to this Complaint, a resident of Hampton, Virginia and a citizen of the Commonwealth of Virginia and the United States. Prior to his wrongful termination he was a sworn, uniformed Deputy Sheriff within the Hampton Sheriff's Office.

9.     Plaintiff Debra H. Woodward is, and was at all times relevant to this Complaint, a resident of Hampton, Virginia and a citizen of the Commonwealth of Virginia and the United States. Prior to her wrongful termination she was a non-sworn, non-uniformed administrative civilian employee within the Hampton Sheriff's Office.

10.     At all times relevant to this Complaint, Defendant B. J. Roberts was the duly elected Sheriff of the City of Hampton, Virginia. He is sued herein in both his individual and official capacities. He is a resident of the City of Hampton, Virginia and a citizen of the Commonwealth of Virginia and the United States.

11.     At all times relevant to this Complaint, Plaintiffs were employed in low-level positions by the Defendant with no policy-making authority or roles. At all times relevant to this Complaint, each of the Plaintiffs performed their duties in an exemplary manner.

## FACTUAL ALLEGATIONS

12.     In November of 2009, B.J. Roberts was up for re-election for the office of Sheriff of the City of Hampton, Virginia, having served in the office for the previous seventeen years.

13.     The Hampton Sheriff's Office is organized in a fashion similar to military organizations. The Sheriff's Office employs more than 130 sworn deputies and non-sworn administrative personnel. The Sheriff is the most senior executive officer within the organization and is responsible for all facets of its operation, including the hiring and firing of employees. He is elected every four years in accordance with the constitution and laws of Virginia and is accountable only to the electorate.

14.     The Sheriff is assisted by other senior officers who are appointed solely by him and serve at his pleasure. These senior officers generally include a Colonel or Lieutenant

4

Colonel, two Majors, two Captains and several Lieutenants. Roberts demands and receives absolute political loyalty from the senior officers within the Office.

15.     Over his lengthy tenure as Sheriff, Roberts has repeatedly used the power and resources of the Office in his re-election efforts. To achieve political ends, he has treated the varied resources of his Office as his own, the following are examples:

> a)     he has used Sheriff's Office employees, including low level, non-supervisory employees, to plan, manage, staff and carry out political activities and events while on paid status;
>
> b)     he has used prisoners to set up tents, buffets, tables, etc. for his campaign fund-raising efforts;
>
> c)     he has used Office material, equipment, property and meeting space for his own political purposes; and
>
> d)     he has coerced employees to sell tickets and/or buy tickets to campaign fund-raising events.

He has created a work environment in which political loyalty to the Sheriff or, at the very least, refraining from engaging in political opposition to the Sheriff, are conditions of employment even for rank and file employees.

16.     Before the 2009 election, and during prior election cycles, Roberts actively sought to coerce certain employees from supporting his opponents or otherwise opposing his re-election efforts.

17.     In the late summer or early fall of 2009, Roberts learned that certain of his employees were actively supporting Jim Adams, an opponent in the upcoming election. Adams was generally considered to be a credible opponent as he had held a very high-ranking position

within the Hampton Sheriff's Office for sixteen years and resigned his position in January of 2009 to run against Roberts. At the time of his resignation he was the Lieutenant Colonel within the Office and third most senior officer.

18.     After Adams resigned and announced his opposition to Roberts, Roberts was informed by his senior officers and by his own investigation that the Plaintiffs had declined to support his re-election efforts and were actively supporting Adams. More specifically, Roberts learned that:

a)     Plaintiffs Carter and McCoy were on Jim Adams' campaign Facebook page actively advocating for the election of Adams;

b)     Plaintiffs McCoy and Sandhofer attended a cookout on August 29, 2009, given by Plaintiff Carter, and attended by Adams, that Roberts and certain senior officers concluded was a campaign event for Adams – Roberts correctly concluded from this that Plaintiffs McCoy, Sandhofer and Carter were supporting Adams' candidacy for Sheriff;

c)     On November 3, 2009, election day, Plaintiff Dixon openly announced before a group of voters, including persons close to Roberts, that Roberts should not be elected and that Adams should be elected the next Sheriff of Hampton;

d)     During the 2009 campaign season, the late summer and fall of 2009, each of the Plaintiffs affirmatively expressed their support for Adams to several persons, including several of their colleagues within the Sheriff's Office; and

6

> e)   Each of the Plaintiffs refused to provide requested assistance and support for Roberts' re-election efforts.

19.   Earlier in the year, each of the Plaintiffs and several other Sheriff's Office employees had been approached by senior officers to sell a certain number of tickets for a fund raising event for Roberts' campaign. They were told "you either sell the tickets or you buy them."

20.   Senior officers made inquiries to their subordinates about who within the Office was supporting Roberts and who was opposing him. Through these inquiries they learned that each of the Plaintiffs had expressed opposition to Roberts and were supporting his opponent, Jim Adams. This was reported to Roberts.

21.   Each of the Plaintiffs received the following admonitions, or very similar warnings, from senior officers within the Office:

> a)   "If you don't support the Sheriff, you are going to be out of here";
>
> b)   "If you don't support the Sheriff, you are not going anywhere";
>
> c)   "Supporting the Sheriff could help you or hurt you, it's up to you";
>
> d)   "Be sure you are supporting the right person"; and
>
> e)   "It is in your best interest to support the Sheriff."

22.   In late summer of 2009, Roberts became incensed when he learned that Plaintiffs Carter and McCoy were openly on Adams' campaign Facebook page supporting his opposition to Roberts. Roberts called groups of employees together, including the Plaintiffs, and made a statement to the following effect:

> I am going to have this job as long as I want it. My train is the long train. I will be Sheriff until I don't want to be Sheriff. If you want to get on the short train with the man I fed for 16 years, you

7

are going to be out of here. This is a bad economy and people are
knocking down my door for these jobs.

23.     After making the statement set forth in paragraph 22, above, Roberts approached

Plaintiff Carter and said, "You made your bed, now you're going to lie in it – after the election

you're gone."

24.     Each of the Plaintiffs' expressions of political support set forth in this Complaint

were made on a matter of significant public concern, i.e., the election of the next Sheriff for the

City of Hampton.

25.     Each of the Plaintiff's refusals to provide political support as related herein were

actions taken upon a matter of significant public concern, i.e., the election of the next Sheriff for

the City of Hampton.

26.     The election for Hampton City Sheriff was held on November 3, 2009. Within

approximately one month of the election, all of the Plaintiffs were fired by Roberts after lengthy,

blemish-free tenures with the Hampton Sheriff's Office. Roberts fired the Plaintiffs in retaliation

for refusing to support his campaign for Sheriff, for supporting his opponent and for exercising

their rights to free speech and free political association on matters of public concern.

27.     The Defendant's actions as related herein were taken under color of state law

without regard for the protected rights of the Plaintiffs. The Defendant's actions were grossly

negligent and reckless. The Defendant knew or should have known that his actions unlawfully

infringed upon Plaintiffs' rights under the Untied States Constitution and other laws. The

Defendant committed the acts complained of herein in violation of the First and Fourteenth

Amendments of the United States Constitution.

28.     The following Counts are stated on behalf of each Plaintiff.

8

## COUNT I

### *Wrongful Dismissal and Abridgement of Free Speech Rights in Violation of the First and Fourteenth Amendments*

29.     Plaintiffs incorporate into this Count all allegations set forth in this Complaint as if fully set forth herein.

30.     This Count seeks relief for damages arising from violation of Plaintiffs' rights guaranteed under the Constitution of the United States. It is asserted pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983.

31.     In early December of 2009, Defendant, B.J. Roberts, acting individually and acting officially in his capacity as the Sheriff of Hampton, Virginia, terminated the Plaintiffs' employment with the City of Hampton Sheriff's Office.

32.     The terminations of the Plaintiffs were unlawful, retaliatory and improper in that the Defendant B.J. Roberts effected these terminations because the Plaintiffs exercised their rights to freedom of speech in refusing to support Roberts' re-election efforts and in actively supporting Roberts' opponent. As a result, their terminations were constitutionally impermissible under the First Amendment which is applicable to and enforceable against state actors under the Fourteenth Amendment.

33.     The actions of the Defendant constitute a wrongful and retaliatory discharge of the Plaintiffs under the First and Fourteenth Amendments of the United States Constitution.

34.     The actions of the Defendant further constitute an unlawful discharge in violation of the Plaintiffs' civil rights pursuant to 42 U.S.C. § 1983, et seq.

35.     As a direct, actual and proximate result of the actions taken by the Defendant as set forth herein, each of the Plaintiffs has suffered significant pecuniary and non-pecuniary damages including loss of future pay and benefits, loss of back pay and benefits, loss of

9

promotion opportunities, retirement benefits as well as mental anguish, anxiety, pain, suffering, humiliation, and loss of quality and enjoyment of life.

## COUNT II

### *Wrongful Patronage Dismissal in Violation of the First and Fourteenth Amendments*

36.     Plaintiffs incorporate into this Count all allegations set forth in this Complaint as if fully set forth herein.

37.     This Count seeks relief for damages arising from violation of Plaintiffs' rights guaranteed under the Constitution of the United States. It is asserted pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983.

38.     In early December of 2009, Defendant, B.J. Roberts, acting individually and acting officially in his capacity as the Sheriff of Hampton, Virginia, terminated the Plaintiffs' employment with the City of Hampton Sheriff's Office.

39.     The terminations of the Plaintiffs were unlawful, retaliatory and improper in that the Defendant B.J. Roberts effected these terminations because the Plaintiffs exercised their rights to freedom of association and political association by: i) refusing to support Roberts' re-election efforts; and/or ii) by actively supporting Roberts' opponent. As a result, their terminations were constitutionally impermissible under the First Amendment which is applicable to and enforceable against state actors under the Fourteenth Amendment.

40.     The actions of the Defendant constitute a wrongful and retaliatory discharge of the Plaintiffs in violation of the First and Fourteenth Amendments of the United States Constitution.

41.     The actions of the Defendant further constitute an unlawful discharge in violation of the Plaintiffs' civil rights pursuant to 42 U.S.C. § 1983, et seq.

10

42.     As a direct, actual and proximate result of the actions taken by the Defendant as set forth herein, each of the Plaintiffs has suffered significant pecuniary and non-pecuniary damages including loss of future pay and benefits, loss of back pay and benefits, loss of promotion opportunities, retirement benefits as well as mental anguish, anxiety, pain, suffering, humiliation, and loss of quality and enjoyment of life.

**WHEREFORE,** the Plaintiffs Bobby Bland, Daniel Ray Carter, Jr., David W. Dixon, Robert W. McCoy, John C. Sandhofer and Debra H. Woodward each respectfully pray that this Court award the following relief for each Count set forth above:

1)     Order the Defendant to make each Plaintiff whole with payment of all pecuniary losses suffered as a result of the events set forth above including awards of back pay, reinstatement or front pay, lost benefits and lost retirement benefits with pre-judgment and post-judgment interest as applicable;

2)     Order the Defendant to make each of the Plaintiffs whole by providing compensation for all non-pecuniary damages including emotional pain, suffering, inconvenience, anxiety, loss of quality and enjoyment of life, loss of reputation, loss of career and mental anguish, with pre-judgment and post-judgment interest as applicable;

3)     Order the Defendant to pay punitive damages in amounts sufficient to prevent this conduct in the future; and

4)     Order the Defendant to pay each Plaintiff all costs and attorneys fees incurred in the prosecution of this action.

## JURY TRIAL DEMANDED

The Plaintiffs request a jury trial on all issues raised in this Complaint.

11

BOBBY BLAND, DANIEL RAY CARTER, JR.,
DAVID W. DIXON, ROBERT W. MCCOY,
JOHN C. SANDHOFER AND DEBRA H.
WOODWARD


By: _____
                    Of Counsel

William V. Hoyle, Jr., VSB No. 21725
William V. Hoyle, Jr., P.C.
10401 Warwick Boulevard
Newport News, VA  23601
Telephone:  (757) 596-1850
Facsimile:  (757) 596-1925
habeas@erols.com

James H. Shoemaker, Jr., VSB No. 33148
Jason E. Messersmith, VSB No. 77075
Patten, Wornom, Hatten & Diamonstein, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, Virginia 23602
Telephone: (757) 223-4580
Facsimile: (757) 223-4518
jshoemaker@pwhd.com
jmessersmith@pwhd.com