

EXHIBIT

16

# POLICY & PROCEDURES   No. 602



| HAMPTON SHERIFF'S OFFICE | Effective Date:  May 15, 2001 |
| | Revision Date:  April 30, 2008 |
| Arrest Procedures for Adults and Juveniles | Approved By: |

## CONTENTS

Juvenile Procedures
Guidelines for Handling Juvenile Cases
    Written Petitions/Summons
    Outright Release of Juveniles
    Detention of Juveniles
    Immediate Custody
    Juveniles Taken Into Custody
    Release of Juveniles in Custody
    Fingerprints and Photographs
    Reporting Requirements in Immediate Custody Cases
    Transporting Juveniles
    Custodial Interrogation of Juveniles ·
Adult Criminal Warrant Process
    Serving Criminal Warrants
    Warrant File
    Use of VCIN/NCIC
    Fugitives
    Arrest with a Warrant
    Arrest without a Warrant
    Alternatives to Arrest
    Search and Seizure
    Custodial Interrogation of Adults

## POLICY

The Hampton Police Division is the primary law enforcement agency that is charged with the responsibility of handling adult and juvenile offenders.   However, when violations are committed in the presence of deputies they are bound by oath of office to identify, apprehend, arrest and seek to convict all adults who have violated the laws of the Commonwealth of

1

Policy 602

Virginia, or the ordinances of the City of Hampton. Juveniles charged with acts which, if committed by an adult, would be a crime under the laws of the Commonwealth of Virginia, or the ordinances of the City of Hampton are to be handled according to the procedures listed in this policy.

Arrests of juveniles alleged to be status offenders are to occur when probable cause has been established that a juvenile is a runaway; or that during the night hours a juvenile is without adult supervision and there is a clear and substantial danger to the child's welfare; or a detention order is known to be on file.

The primary function of the Hampton Sheriff's Office when dealing with juvenile offenders is through the execution of a court order for transportation to a court appearance or by an order of the court which orders the juvenile to be detained and requires transportation to a specific juvenile facility as indicated by the court.

DEFINITIONS

*Child, Juvenile, Minor* -  A person who is less than eighteen years of age.

*Child in Need of Services or Supervision* - A juvenile who is subject to compulsory School attendance but is habitually absent without justification; a juvenile who remains away from or who habitually deserts or abandons the family; and a juvenile who commits an act which is unlawful only if committed by a juvenile.  These acts are more commonly known as status offenses.

*Delinquent Acts* -    Acts designated as crime under the laws of the Commonwealth of Virginia or an ordinance of any city, county, town or service district, or under federal law, but not acts which would be an offense only if committed by a juvenile.

*Employee* – is a Deputy Sheriff who is appointed by the sheriff, a contract worker providing services for the Sheriff's Office, or a civilian appointed by the Sheriff.

*VCIN* – Virginia Criminal Information Network

*NCIC* – National Crime Information Network

*ORI* – Originating Agency Identification

*SID* – State Identification Number

2

Policy 602

*Status Offense* – Non-criminal misbehavior. Misbehaviors that are violations for a juvenile but would not be considered a crime if committed by an adult.

## JUVENILE PROCEDURES

The Hampton Sheriff's Office is not the primary law enforcement agency for the City of Hampton and does not routinely intervene in law enforcement however, deputies are bound to act under blatant violations and the following guidelines are offered

Recognizing that diversion from the criminal justice system may be in the best interests of the community and some juveniles, it shall be the policy of the Hampton Sheriff's Office to seek to limit the use of arrest powers against juveniles who have committed status offenses.

A.    Guidelines for Handling Juvenile Cases

    1.    The Deputy may handle juvenile cases either formally or informally.  Informal handling includes the Deputy's utilization of:

        a.    Warning and outright release to a parent or guardian with no further action
        b.    Requiring the parents to pick up the juvenile, or
        c.    Taking the juvenile home and informing the parents of the reasons for being picked up

    2.    Examples of status offenses may be but not limited to the following:

        a. truancy from school
        b. runaways
        c. those considered incorrigible or beyond the control of their parents
        d. curfew violations
        e. possession of tobacco or alcohol products

    3.    Formal handling occurs when the juvenile is taken before the Juvenile Court by a petition issued by an Intake Officer. The court may decide the final disposition of the case or refer it back to juvenile services for disposition.

B.    Written Petitions/Summons

A deputy may file a petition through the Juvenile Intake Officer in following situations when other means of correction is not warranted such as, outright release with a warning or release to parents.

3

Policy 602

1. Violation of city or state criminal laws
2. Violation of Hampton City traffic laws;
3. Violation of city ordinances; and
4. Violation of game and fish laws

C. Outright Release of Juveniles

   1. To prevent the unnecessary detention of juveniles, the deputy is to make all reasonable efforts to release juveniles to a parent or a person acting as a parent who is available, able, and willing to take custody without further action.

   2. Juveniles released after issuance of oral counsel and warning. The deputy is to, by telephone or in person, seek to notify the parent of the juvenile and is to complete an incident report, noting that the juvenile was "released with warning," plus all information concerning the details of the case.

D. Detention of Juveniles

   Deputies are to seek to detain juveniles when:

   1. A parent or person acting as a parent is unavailable to take custody; or

   2. A parent or person acting as a parent is available but unwilling to take custody; or

   3. The deputy believes the juvenile is likely to have been harmed or to be in danger of harming himself or another person. The belief should be based on one or more of these facts:

      a. The juvenile is apparently under the influence of a drug, including alcohol.

      b. The juvenile exhibits violent or irrational behavior before, during, or after the arrest.

      c. Statements from the juvenile indicate a likelihood that the juvenile will continue violence

   4. The deputy has cause to believe that a juvenile in custody will not appear in court as scheduled.

      a. The juvenile has no community ties; or

Policy 602

    b.    The juvenile is unable to furnish proper identification or otherwise inform the deputy of identity; or

    c.    The arresting deputy has knowledge of the juvenile's prior history of failing to appear in court or fleeing to avoid prosecution.

E.    Immediate Custody

    1.    Juveniles who have committed delinquent acts may be taken into immediate custody when any one or more of the following conditions are present:

        a.    In the presence of the arresting deputy, a juvenile commits an act which would be a misdemeanor if committed by an adult under federal, state or local law and ordinances, and the deputy believes that such is necessary for the protection of the public interest.

        b.    When a juvenile has committed one of the following misdemeanor offenses and, although the offense was not committed in the presence of the deputy who makes the arrest, the arrest is based on probable cause on reasonable complaint of a person who observed the alleged offense:

            1.    Shoplifting in violation of Section 18.2-103

            2.    Assault and Battery

            3.    Carrying a weapon on school property in violation of Section 18.2-308.1

        c.    When there is probable cause to believe that a juvenile has committed an offense, which would be a felony if committed by an adult.

        d.    On the authority of a detention order or warrant known to be on file in this or a foreign jurisdiction.

    2.    Procedures for taking a juvenile into custody, includes, at a minimum, provisions for the following:

        a.    There is a detention order known to be on file in this or a foreign jurisdiction; or

        b.    Probable cause exists that a juvenile has run away from home; or

5

Policy 602

    c.      Probable cause exists that a juvenile is without adult supervision at night, and under such circumstances that it is reasonably concluded that there is a clear and substantial danger to the juvenile's welfare; or

    d.      The juvenile agrees, voluntarily without the threat or use of coercion or force of any kind, to accompany a deputy to the Sheriff's Office. This action shall be for the limited purpose of seeking to return a child to the home or otherwise provide for proper care and supervision; or

    e.      When a child is believed to be in need of medical treatment for mental illness as provided in Section 16.1-340.

    f.      Curfew violations

3.    Juveniles who are escapees from jail, detention home, or other institution in which they were placed by order of Juvenile Court or other agency may be taken into immediate custody when:

    a.      There is a detention order or warrant known to be on file in this or a foreign jurisdiction.

    b.      A deputy has probable cause to believe that a juvenile has escaped or run away from jail, detention home, residential child care facility or home in which placed by court, Department of Human Development, or a licensed child welfare agency.

F.    Juveniles Taken Into Custody

1.    Initial Arrest of Juvenile

    a.      When juvenile is taken into custody by authority of a written petition he is to be taken immediately before the Juvenile Intake Officer.

    b.      When taken into custody by reason of need of services, protection of the public, or shoplifting, take juvenile before the Intake Officer.

    c.      The petition is to be delivered forthwith to the J&DR Court by the Intake Officer if that is the recommended course of action by the Intake Officer.

Policy 602

d.    Notification of parents or guardian (§16.1-263) is required in every case where a juvenile is taken into custody to inform them of the circumstances and/or to pick up the juvenile.

e.    Fingerprinting and photographing files of juveniles (§16.1-299) is maintained by the Hampton Police Division. If required to do so, the deputy will transport the detained juvenile to HPD for fingerprint processing.

2.    If the juvenile is detained by a detention order directing the juvenile to be detained at a detention facility, the juvenile is to be transported to the detention facility with the least possible delay unless the juvenile is in need of emergency medical treatment.

3.    No juvenile under the age of 18 is to be transported in the same vehicle with adults suspected of or charged with criminal acts. (VA Code <u>16.1-254</u>); unadjudicated juveniles must be kept entirely separate and removed from adult jail population.

4.    Juveniles taken into custody under authority of a petition/detention order.

5.    When court is in session and/or when Juvenile Intake is open:

a.    Juveniles, who are arrested at the request of the court on a detention order (green Form DC-529) are to be transported to Juvenile Intake without delay.

b.    An oral or written statement of the reasons for taking the juvenile into custody is to be given to parent or other person acting with parental authority by the court. In cases where notice is not given prior to transporting to the Juvenile Intake, the intake officer or court liaison is to contact the parent or legal guardian.

c.    Once the child's physical placement is decided, the Intake officer may issue a new detention order (white form) directing the juvenile to be detained at a specific facility and the deputy is to ensure that the intake process is completed by enforcing the Intake Officer's directions on disposition of the juvenile whether he is detained or released. The juvenile is to be served with a copy of the detention order (green Form DC-529). The deputy is to inform the intake officer whether the parent or custodian was notified of the juvenile's arrest.

7

Policy 602

6. When court is not in session and Juvenile Intake is closed and a detention order (green Form DC-529) is in hand:

    a. Have police communications contact the on-call Intake Officer and follow their instructions on placement or release of the juvenile.

    b. If directed by the Intake Officer, take the juvenile to the designated Juvenile Detention Center in the most expeditious manner. Personnel are on duty and are authorized to take custody of the juvenile.

    c. An oral or written statement of the reasons for taking the juvenile into custody is to be given to parent or other person acting with parental authority.

    d. If a petition is in hand, have police communications contact the on-call intake officer and follow his/her instructions.

    e. The deputy is to inform the intake officer on duty whether the parent or legal guardian was notified of the juvenile's arrest.

G. Release of Juveniles in Custody

Several courses of action are open to deputies when deciding whether to release a juvenile in Sheriff's custody. Three factors determine which of the available courses of action may be used. The factors are: the basis upon which the juvenile was taken into custody; whether the Juvenile Intake is open or closed; and whether there is a parent or person acting as a parent who is willing to take custody and provide care for the juvenile. The courses of action are listed below.

1. Release when custody is taken based on an offense committed in the deputy's presence or on probable cause:

During business hours of Juvenile Intake:

    a. Release the juvenile to parent or person acting as a parent who is available and willing to provide supervision and care and issue oral counsel and warning as appropriate; or

    b. Release the juvenile to parent or person acting as a parent upon their promise to bring the juvenile before the court when requested; or

Policy 602

    c.    If not released transport the juvenile to Juvenile Intake in the most expeditious manner possible. The deputy is to give to the intake officer a written statement of the reasons for taking the juvenile into custody. In such cases, the deputy is responsible for providing oral notice of the action taken at intake to the juvenile's parent or person acting as a paren

2.    The basis for any release will be established by the intake officer.

When Juvenile Intake is closed:

    a.    Release the juvenile to parent or person acting as a parent who is available and willing to provide supervision and care and issue oral counsel and warning as appropriate; or release to parent or guardian and seek petition when juvenile intake is open;

    b.    Release the juvenile to parent or person acting as a parent upon their promise to bring the juvenile before the court when requested; or

    c.    Transport the juvenile in the most expeditious manner to the Juvenile Intake Office and have police communications contact the on-call intake officer. Follow the intake officer's direction for the release or placement of the juvenile.

3.    Release of a juvenile from custody includes, at a minimum, provisions for the following:

    a.    Return the juvenile home; or

    b.    Release the juvenile to a parent, guardian, legal custodian, or other person acting in the parents' place; or

    c.    Release the juvenile

    d.    Complete an incident report with details of the detention and release of all juveniles.

H.    Fingerprints and Photographs

1.    Fingerprints are to be taken and filed only of a juvenile fourteen years of age or older who is charged with a delinquent act, which would be a felony if committed by an adult. Photographs may also be taken and filed.

Policy 602

2.  Fingerprints are to be taken, regardless of age or offense and only if the juvenile has been taken into custody and charged with a violation of the law, and a deputy have determined that there is probable cause to believe that latent fingerprints found during the investigation of an offense are those of such juvenile.

3.  Fingerprints of a child fourteen years of age or older who is charged with bodily wounding (18.2-51 or 18.2-52), use of a firearm in committing a felony (18.2-53.1), attempted poisoning (18.2-54.1),extortion (18.2-59), robbery, rape (18.2-61), arson and related crimes (18.2-77 through 18.2-88), forcible sodomy (18.2-67.1), inanimate object sexual penetration   (18.2-67.2), grand larceny (18.2-95), burglary (18.2-89 through 18.2-91), murder or any attempt to commit the above-mentioned felonies (18.2-25 or 18.2-26) are to be taken and filed. Photographs may also be taken and filed.

4.  Fingerprints and photographs may not be taken under any other circumstances except that a deputy may seek a Juvenile Court order requiring a juvenile to submit to the taking of either or both.

5.  Nothing in Section D shall prevent deputies from using for investigative purposes fingerprints or photographs obtained from other agencies or persons in the community.

I.  Reporting Requirements in Immediate Custody Cases

Juveniles voluntarily in custody.

1.  A deputy with a juvenile voluntarily in custody is to complete an incident report. The report is to include the circumstances in which the juvenile came to the deputy's attention, the result of any steps taken to arrange for a return to the home or other appropriate care and supervision, and under what conditions the juvenile left Sheriff's custody.

2.  A deputy with a juvenile in custody for any reason is to complete an incident report, containing all information detailing the reason why corrective action was taken and what methods were used.

J.  Transporting Juveniles

No juvenile is to be transported with adults suspected of or charged with criminal acts, unless transported in vans that meet the requirements of sight and sound separation.

10

Policy 602

K.   Custodial Interrogation of Juveniles

Any juvenile taken into custody is not to be interrogated for criminal charges by the Sheriff's Office. The Hampton Police Division is responsible for conducting criminal investigations and is to be notified immediately when juveniles are charged with crimes that would warrant an investigation. The Police Division will decide if an investigation is necessary.

1.   Deputy's may assist the investigating officer by providing probable cause, information relevant to the charges that may help in prosecution of the case and any other assistance requested by the investigator that may be required to obtain the charges for the crime in which the juvenile was detained.

2.   Statements given at intake are NOT admissible (§16.1-261)

## ADULT CRIMINAL WARRANT PROCESS

It shall be the policy of the Hampton Sheriff's Office to maintain an accurate information base and filing system for all warrants received by the Hampton Courts, as well as warrants forwarded to the Sheriff's Office from other jurisdictions in the PISTOL jail management system.

A.   Serving Criminal Warrants

1.   Any criminal warrants lawfully issued by authority of the court or magistrate are to be executed only by sworn deputies who have the authority and obligation to do so when probable cause for arrest exist. At least two-armed Deputy Sheriffs should make arrests on felony warrants when risk of officer safety is apparent. If back up or support is not immediately available, the Deputy is to use his/her discretion in making an arrest without backup.

2.   The deputy is to advise jail control, civil process, or police communications of their  exact location before serving any felony warrants. Extreme caution is to be used any time a warrant is served.

3.   The Hampton Sheriff's Office does not practice service of fugitive warrants however outstanding warrants for individuals in custody and /or warrants issued for individuals placed under arrest based on probable cause for arrest may be served. Warrants may be served on individuals extradited from other states. Warrant service may be  conducted in Virginia jurisdictions outside of Hampton only for warrants initiated by the Hampton Sheriff's Office and through

11

Policy 602

cooperation with the jurisdiction where the warrant is to be served and assistance is provided by that agency in the arrest. The following information is to be given to the jurisdiction:

    a.    name of person that is to be arrested
    b.    location of arrest
    c.    approximate time of warrant service (if possible)
    d.    any potential for violence
    e.    request for assistance
    f.    detail of the contents of the warrant

4.    Upon arrest, the Deputy Sheriff is to:

    a.    conduct a complete "pat down search"
    b.    secure any weapons or contraband
    c.    place restraints on detainee
    d.    take the detainee forthwith before the magistrate where he/she is arrested and serve the warrant on them and give them a copy.
    e.    Detainees arrested within the City of Hampton are to be taken to Adult Intake for processing and served the warrant.

B.    Warrant File

1.    In the event a hit is made on the VCIN or NCIC system, an effort is to be immediately made to verify the information by making an inquiry to the originating agency.

2.    If an arrest of a suspect wanted in Hampton is made in another jurisdiction, a facsimile of the warrant is to be sent to the other jurisdiction along with the hit confirmation. The Hampton Police Division maintains the criminal warrants file and is responsible for faxing warrants to other jurisdictions.

3.    If an officer or detective wishes a warrant to be served in another jurisdiction, a facsimile with a designated recipient is to be sent to the agency making the attempt. When the suspect is returned to Hampton, the facsimile copy is to be attached to the other copies of the warrant and forwarded to the Court in the usual manner.

Policy 602

4. Felony warrants are not to be mailed to other jurisdictions for service. If a suspect is wanted in Hampton but will not be released to our jail immediately; a teletype/hit confirmation is to be used as a detainer. If necessary, a facsimile of the warrants can be sent to the other jurisdiction.

5. The Intake supervisor is to ensure that a hit confirmation file is maintained for all hits on NCIC/VCIN even if the originating agency declines extradition or withdraws the warrant from the system. The purpose for the file is to provide probable cause for an arrest and protect the arresting officer from civil liability for an unlawful arrest. The hits are to remain on file for as long as necessary to protect the officer.

C. Use of VCIN/NCIC

1. All procedures relating to the use on VCIN/NCIC are governed by policies and procedures outlined in the VCIN/NCIC Operating Manuals.

2. Collection of applicable information from VCIN/NCIC related to a defendant while in the custody of the Sheriff is conducted in accordance with guidelines outlined in the operating manuals of each system.

3. Updates, revisions, etc. are added to the manuals in a timely manner. It is the responsibility of the Intake Supervisor to ensure that manuals are maintained and current. A set of manuals are kept at each authorized terminal location for easy reference.

4. User of the VCIN/NCIC system must be certified by the Virginia State Police.

5. Information to include teletypes and criminal histories received through VCIN/NCIC must be used for criminal justice purposes only. Once the information has served its purpose, it is to be shredded. "QW's" (wanted persons inquiry) may be retained in the inmate's file. Any file containing criminal
history information is marked as containing this information. These files must remain in secure areas to ensure the information is not disseminated for other than official and authorized reasons.

6. Misuse of information received by VCIN/NCIC may result in disciplinary action.

13

Policy 602

7.  Sheriff's Office personnel are to log all secondary disseminations in the CCH Dissemination logbook. This specifically applies to any criminal history response (positive or negative) received by the Sheriff's Office VCIN terminals and is disseminated to any individual who is not a Sheriff's Office employee. Secondary dissemination is limited to criminal justice agencies. The requesting agency's ORI must be recorded in the Dissemination logbook.

8.  The Dissemination logbook is maintained within the guidelines established by the Virginia State Police. The log book contains the following information:

    a.  Date of Inquiry- date of inquiry or date received
    b.  Agency ORI- ORI of requesting agency
    c.  Name of Subject- name of record furnished
    d.  SID# and/or FBI#- record of the Virginia State Identification Number (SID) and/or the FBI number
    e.  Record released to- Title, Agency, Name of person, agency the furnished record was disseminated to, and dates
    f.  Communications Operator- name of the operator handling the dissemination transaction to include the dissemination of the record

D.  Fugitives

1.  When a deputy arrests a subject wanted in another state, the demanding state is notified of the fugitive's availability for release to their custody following a court appearance and there are no outstanding Hampton or other jurisdiction charges.

2.  Should a fugitive waive extradtion, the inmate records section notifies the demanding jurisdiction by phone, fax and/or teletype.

3.  Should the fugitive refuse to waive extradition, the inmate records section notifies the demanding jurisdiction. The records section is to establish the demanding jurisdictions intent to obtain a Governor's Warrant.

4.  If the fugitive is in custody when the Governor's Warrant is received the records section is to notify the Commonwealth Attorney.

5.  The Hampton Sheriff's Office will extradite fugitives from other states that have previously been in Hampton courts on Hampton charges and have absconded. The Commonwealth Attorney's office approves and makes request for fugitives to be extradited. Primarily warrants will be a Capias or Revocation from Circuit

Policy 602

Court, Probation or Parole Violation, or Capias or FTA from General District Court. The Hampton Police Division will extradite all fugitives with outstanding felony warrants or charges that are under investigation.

6.   Upon receipt of warrants from the Commonwealth Attorney's office the following procedures are to be followed:

    a.   time date and stamp warrants immediately upon receipt

    b.   log warrants into PISTOL for tracking purposes

    c.   contact the holding agency and make arrangements for extradition date

    d.   the transportation supervisor is to assign two deputies to transport, at least one deputy must be of the same sex.

    e.   prepare flight itinerary if flying through coordination with the designated travel agency

    f.   contact the Secretary of the Commonwealth for travel order prior to departure and verify receipt

    g.   prepare itineraries, travel instructions, and directions

    h.   deputies should depart for airport early enough to clear security before the flight

    i.   upon return, take the detainee to Intake for processing and serve the outstanding warrants

    j.   copies of the served warrants are to be returned to civil process for documentation and taking the warrant out of the system.

    k.   all expense documentation is to be copied and original receipts forwarded to the civil process office manager for filing and re-imbursement processing

E.   Arrest with a Warrant

1.   Section 15.2-1609 of the Code of Virginia gives the Sheriff the authority to enforce criminal law in the jurisdiction from which he is elected. Although the Hampton Police Division is the primary law enforcement agency deputies may be called upon under certain circumstances to make arrest and serve criminal warrants. Section 49-1 of the Code of Virginia requires that all officers upon entering office, take an oath whereby they swear to support the Constitution of the United States and the Commonwealth of Virginia.

2.   Hampton Sheriff's Office deputies may serve criminal warrants that have been previously issued by a judicial officer or warrants initiated by them when probable cause exist to obtain a warrant when crimes are committed in their presence.

15

Policy 602

     a.     "Probable cause exists where the facts and circumstances within their (the arresting deputy's) knowledge and of which they had reasonable trustworthy information are sufficient in themselves to warrant an officer of reasonable caution in the belief that an offense has been, or is being committed".

3.     Deputies who come into contact with individuals who have outstanding warrants are to make arrests and transport the individual to Intake for processing or detain the individual and notify the Police Division to assume custody. Deputies are to maintain security and control of detainee's until custody is obtained by the Police Division when they call for an officer to assist.

F.    Arrest without a Warrant

The purpose of this policy is to establish guidelines whereby an officer may make a warrantless arrest.

It is the policy of the Hampton Sheriff's Office that deputy's while in uniform and displaying a badge, may make warrantless arrest in accordance with State Law and this policy.

1.     When charges originate with the deputy, the following circumstances will permit an arrest to be made without a warrant.

     a.     When the crime is committed in the presence of the deputy.

     b.     When the deputy has reasonable grounds or probable cause to suspect that the person has committed a felony not in the deputy's presence.

2.     If charges originate from other sources, deputies may make an arrest without a warrant when:

     a.     The department receives from another jurisdiction, a photocopy of a warrant, telegram, computer printout, facsimile printout, a radio, telephone or teletype message, giving the name, description, and crime alleged.

     b.     Deputy's may also arrest without a warrant for alleged misdemeanors not committed in their presence when they receive a radio message that a warrant for such an offense is on file.

16

Policy 602

c.  Officers may arrest without a warrant for an alleged misdemeanor not committed in their presence involving shoplifting, carrying a weapon on school property, assault and battery, brandishing a firearm, or destruction of property when such property is located on premises used for business or commercial purposes, when such an arrest is based upon probable cause and reasonable complaint of the person who observed the alleged offense.

d.  State code also allows for warrantless arrest in cases of assault and battery against a family member and for violations of protective orders for family abuse and for stalking. Such arrest must be based on probable cause or upon personal observation or the reasonable complaint of a person who observed the alleged offense, or upon personal investigation. Generally, the Police Division is summoned to handle domestic abuse cases.

3.  The Code of Virginia requires that a person arrested without a warrant shall be brought forthwith before a magistrate or other issuing authority having jurisdiction who shall proceed to examine the deputy making the arrest under oath. If the magistrate or other issuing authority having jurisdiction has lawful probable cause upon which to believe that a criminal offense has been committed, and that the person arrested has committed such offense, he shall issue either a warrant or a summons as appropriate. If such warrant or summons is not issued, the person so arrested shall be released. Should a deputy make an arrest without a warrant and learn prior to presenting probable cause for the arrest has vanished, the deputy shall immediately cease arrest procedure, courteously release the subject, and notify a supervisor. A detailed incident report describing the incident is to be completed and forwarded to the Chief Deputy through the chain of command prior to the end of shift.

4.  The deputy is to conduct a reasonable search of the person arrested as soon as practical and at or near the location of the arrest The deputy may search the subject's immediate surroundings or area of immediate control. The purpose of the search is to:

a.  ensure the safety of the deputy and/or subject
b.  prevent escape
c.  prevent destruction of evidence

5.  Should the search result in discovery of additional criminal activity, the deputy is to request assistance from the primary law enforcement agency to secure and

17

Policy 602

execute a search warrant (if appropriate), or the deputy may seize the contraband and/or evidence and initiate additional charges.

6.     The arrestee is to be transported to Adult Intake to be processed.

7.     All warrants/summons must be written by a state code section even if the violation was a city ordinance.

8.     Once the deputy executes a warrant of arrest, he/she is to provide a copy of the process to the person charged. It is the arresting deputy's obligation to ensure the execution and return of warrant is in compliance with Virginia Code 19.2-76.

9.     When a sworn deputy is forced to make an arrest while working in an extra duty capacity, an *Incident Report* is to be written and submitted to the Extra Duty Coordinator immediately. The incident report is to include an explanation of the circumstances surrounding the decision to arrest and the specific justification for doing so.

10.    A deputy is to submit an *Incident Report* to their Division Commander when any arrest is made.

G.     Alternatives to Arrest

1.     A deputy may elect to exercise alternatives to arrest (to minor misdemeanor incidents) such as the issuance of summonses, referral to a social service agency or simply a warning; and refer individuals to the Community Service Board (CSB) in lieu of arrest with the consent of the magistrate.

2.     Use of warnings may sometimes provide satisfactory solutions to a problem and may enhance the public perception of the department. In determining if a warning should be issued, the deputy should consider:

a.     the seriousness of the offense
b.     the likelihood that the violator will heed the warning.

3.     Section 19.2-74 of the Code of Virginia authorizes law enforcement personnel to issue a summons in lieu of arrest for persons charged with a   misdemeanor criminal offense except D.U.I and drunk in public.

18

Policy 602

    a.    deputy's are not issued Virginia uniform summons books. Detainees must be taken before the magistrate or,

    b.    if a summons is to be issued, deputies must see the magistrate and fill out the complaint form and present probable cause at a later date or,

    c.    when taken before the Magistrate they may issue a summons based on probable cause with state misdemeanor code sections with the classification of the misdemeanor listed and,

    d.    deputy's will then serve the summons and release the subject from custody.

H.    Search and Seizure

1.    The Fourth Amendment guarantees the right for people to be free from unreasonable searches and seizures of their homes, persons, and things. The Supreme Court is constantly interpreting the Fourth Amendment as it applies to police conduct. Illegally seized items of evidence may not be admitted in court and may be cause for a lost criminal case. Additionally, an illegally conducted search invites civil suites under the Civil Rights Act.

2.    In order to ensure that Fourth Amendment rights are protected, officers will seek assistance from the Hampton Police Division in crimes warranting investigation and search warrants. The following searches will be permitted.

    a.    Consent Searches – The consent must be voluntarily given by someone who has the authority to relinquish their right. When exercising a consent search, the deputy should get a written relinquishment. Deputies should carefully observe the court imposed considerations in determining whether consent was voluntarily given. Further, consent may be withdrawn at any time and the search must be discontinued until a warrant can be obtained.

    b.    Emergency – To save a life or property when during emergencies immediate action is warranted and the area searched must be associated with the emergency.

    c.    Plain View – The officer must have a legal reason to be where he can discover fruits, instrumentalities, evidence, and/or contraband; the

Policy 602

discovery must be inadvertent; and the property must be recognized as the fruit, instrumentalities or evidence of a crime, or be contraband.

    d.    Abandoned Property

    e.    Incident to Arrest – Only the area within the immediate control of the person may be searched.

I.    Custodial Interrogation of Adults

    1.    Any adult taken into custody is not to be interrogated for criminal charges by the Sheriff's Office. The Hampton Police Division is responsible for conducting criminal investigations and they are to be notified immediately when adults are charged with crimes that would warrant an investigation. The Police Division will decide if an investigation is necessary.

    2.    Deputy's may assist the investigating officer by providing probable cause, information relevant to the charges that may help in prosecution of the case and any other assistance requested by the investigator that may be required to obtain the charges for the crime in which the person has been detained.