prev | next

# CHAPTER 20

## RULES RELATING TO COMPULSORY MINIMUM TRAINING STANDARDS FOR LAW-ENFORCEMENT

## OFFICERS

prev | next | new search | table of contents | home

**EXHIBIT
4**

# Virginia Administrative Code

**Database updated through December 21, 2011**

## 6VAC20-20-10. Definitions.

The following words and terms, when used in this chapter, shall have the following meaning unless the context clearly indicates otherwise:

"Academy director" means the chief administrative officer of a certified training academy.

"Agency administrator" means any chief of police, sheriff or agency head of a state or local law-enforcement agency.

"Approved training" means training approved by the department to meet minimum training standards.

"Board" means the Criminal Justice Services Board.

"Certified training academy" means a training facility in compliance with academy certification standards operated by the state or local units of government for the purpose of providing instruction of compulsory minimum training standards.

"Compulsory minimum training standards" means the performance outcomes and minimum hours approved by the Criminal Justice Services Board.

"Curriculum Review Committee" means the committee consisting of nine individuals representing the certified academies. Four members of the committee shall represent regional criminal justice academies, four members of the committee shall represent independent criminal justice academies, and one member shall represent the Department of State Police Training Academy. The Committee on Training shall appoint members of the Curriculum Review Committee.

"Department" means the Department of Criminal Justice Services.

"Director" means the chief administrative officer of the department or his designee.

Statutory Authority

§ 9.1-102 of the Code of Virginia.

Historical Notes

Derived from VR240-01-1 § 1.0, eff. July 6, 1983; amended, Virginia Register Volume 14, Issue 8, eff. February 4, 1998.

## 6VAC20-20-20. Compulsory minimum training standards.

Pursuant to the provisions of subdivision 2 of § 9-170 of the Code of Virginia, the department

establishes these standards for compulsory minimum training for full-time and part-time law-enforcement officers.

Statutory Authority

§ 9.1-102 of the Code of Virginia.

Historical Notes

Derived from VR240-01-1 § 2.0, eff. July 6, 1983; amended, Virginia Register Volume 14, Issue 8, eff. February 4, 1998.

**6VAC20-20-21. Performance outcomes and minimum hours required.**

A. The performance outcomes are detailed in the document entitled "Performance Outcomes for Compulsory Minimum Training For Law Enforcement Officers," December 1997, which is incorporated by reference and made a part of this chapter.

B. Academy training.

    1. Category 1—Professionalism

    2. Category 2—Legal Issues

    3. Category 3—Communications

    4. Category 4—Patrol

    5. Category 5—Investigations

    6. Category 6—Defensive Tactics/Use of Force

    7. Category 7—Weapons Use

    8. Category 8—Driver Training

    9. Category 9—Physical Training (Optional)

    ACADEMY TRAINING HOURS—480 (excluding Category 9)

C. Field training.

    Category 10—Field Training

    FIELD TRAINING HOURS—100

    TOTAL MINIMUM TRAINING STANDARDS HOURS—580 (excluding Category 9)

Statutory Authority

§ 9.1-102 of the Code of Virginia.

Historical Notes

Derived from Virginia Register Volume 14, Issue 8, eff. February 4, 1998; amended, Virginia Register Volume 26, Issue 23, eff. August 18, 2010.

**6VAC20-20-25. Approval authority.**

A. The Criminal Justice Services Board shall be the approval authority for the training categories and hours of the compulsory minimum training standards. Amendments to training categories and hours shall be made in accordance with the provisions of the Administrative Process Act (§ 2.2-4000 et seq. of the Code of Virginia).

B. The Committee on Training of the Criminal Justice Services Board shall be the approval authority for the performance outcomes, training objectives, criteria, and lesson plan guides that support the performance outcomes. Performance outcomes, training objectives, criteria, and lesson plan guides supporting the compulsory minimum training standards may be added, deleted, or amended by the Committee on Training based upon written recommendation of a chief of police, sheriff, agency administrator, academy director, Curriculum Review Committee, an interested party, or member of the community. Any suggestions received related to performance outcomes, training objectives, criteria, and lesson plan guides shall be reviewed at the regularly scheduled meeting of the Curriculum Review Committee. If comment is received at any public hearing, the Committee on Training may make a decision at that time. Changes to the hours and training categories will only be made in accordance with the provisions of the Administrative Process Act.

C. Prior to approving changes to the performance outcomes, training objectives, criteria or lesson plan guides, the Committee on Training shall conduct a public hearing. Sixty days prior to the public hearing, the proposed changes shall be distributed to all affected parties for the opportunity to comment. Notice of change of the performance outcomes, training objectives, criteria, and lesson plan guides shall be filed for publication in the Virginia Register of Regulations upon adoption, change, or deletion. The department shall notify each certified academy in writing of any new, revised, or deleted objectives. Such adoptions, changes, or deletions shall become effective 30 days after notice of publication in the Virginia Register.

Statutory Authority

§ 9.1-102 of the Code of Virginia.

Historical Notes

Derived from Virginia Register Volume 14, Issue 8, eff. February 4, 1998; amended, Virginia Register Volume 25, Issue 22, eff. January 1, 2010.

**6VAC20-20-30. Applicability.**

A. Every person employed as a full-time or part-time law-enforcement officer, as defined by § 9-169 (9) of the Code of Virginia, subsequent to July 1, 1971, shall satisfactorily complete the compulsory minimum training standards for law-enforcement officers.

B. The director may grant an exemption or partial exemption from the compulsory minimum training standards set forth in 6VAC20-20-21 to a law-enforcement officer of any political subdivision of the Commonwealth who has had previous experience and training as provided in § 9-173 of the Code of Virginia.

C. Any person not employed as a full-time or part-time law-enforcement officer on July 1, 1971, who remains out of law-enforcement for more than 24 months, upon reappointment as a full-time or part-time law-enforcement officer, shall be required to comply with the compulsory minimum training standards unless provided otherwise in accordance with subsection B of this section.

Statutory Authority

§ 9.1-102 of the Code of Virginia.

Historical Notes

Derived from VR240-01-1 § 3.0, eff. July 6, 1983; amended, Virginia Register Volume 14, Issue 8, eff. February 4, 1998.

**6VAC20-20-40. Time requirement for completion of training.**

A. Every law-enforcement officer who is required to comply with the compulsory minimum training standards shall satisfactorily complete such training within 12 months of the date of appointment as a law-enforcement officer.

B. The director, or his designee, may grant an extension of the time limit for completion of the compulsory minimum training standards under the following conditions:

    1. Illness;

    2. Injury;

    3. Military service;

    4. Special duty assignment required and performed in the public interest;

    5. Administrative leave involving the determination of worker's compensation or disability retirement issues, full-time educational leave or suspension pending investigation or adjudication of a crime; or

    6. Any other reason documented by the agency administrator. Such reason shall be specified and

approval granted shall not exceed 90 days.

C. Law-enforcement officers who do not complete training within 12 months of employment as a law-enforcement officer, or who do not receive an extension of the time limit for completion of training, shall be subject to the provisions of § 9-181 of the Code of Virginia. The department shall notify the agency administrator of any officer not in compliance with the requirements of this section.

Statutory Authority

§ 9.1-102 of the Code of Virginia.

Historical Notes

Derived from VR240-01-1 § 4.0, eff. July 6, 1983; amended, Virginia Register Volume 14, Issue 8, eff. February 4, 1998.

**6VAC20-20-50. Compliance with compulsory minimum training standards.**

A. The compulsory minimum training standards shall be accomplished by satisfactory completion of the academy training objectives and criteria at a certified training academy and the successful completion of field training objectives unless otherwise provided by 6VAC20-20-30 B.

B. Officers attending approved training are required to attend all classes and shall not be placed on duty or call except in cases of emergency.

C. The Criminal Justice Services Board will provide a transition period for implementation of this chapter. The transition period shall begin February 4, 1998. During the transition period, certified training academies may conduct law-enforcement entry-level training using the performance objectives within the "Compulsory Minimum Training Standards for Law-Enforcement Officers," effective July 6, 1983, or the performance outcomes and training objectives. Accordingly, any certified training academy may institute a curriculum transition by replacing existing performance objectives with the revised performance outcomes and training objectives. Effective July 1, 1999, all entry-level training programs shall meet the requirements of 6VAC20-20-21.

Statutory Authority

§ 9.1-102 of the Code of Virginia.

Historical Notes

Derived from VR240-01-1 § 5.0, eff. July 6, 1983; amended, Virginia Register Volume 14, Issue 8, eff. February 4, 1998.

**6VAC20-20-60. [Repealed]**

12/21/2011 3:42 PM

Historical Notes

Derived from VR240-01-1 § 6.0, eff. July 6, 1983; repealed, Virginia Register Volume 14, Issue 8, eff. February 4, 1998.

**6VAC20-20-61. Certified training academies.**

A. To become a certified academy, a state or local unit of government must demonstrate a need which contains the following elements:

1. The inability to obtain adequate training from existing academies or a sufficient hardship which renders the use of other existing academies impractical.

2. Based upon a training needs assessment, a sufficient number of officers to warrant the establishment of a full-time training function for a minimum of five years.

B. In addition, the state or local unit of government must make the following commitments:

1. The provision of a full range of training to include entry-level training, in-service training, recertification training, specialized training and instructor certification.

2. The assignment of one position with primary responsibility as academy director and one clerical position to support training and training-related functions.

3. The maintenance of a training facility adequate to conduct training in accordance with academy certification standards.

4. The commitment of sufficient funding to adequately support the training function.

C. Process.

1. The state or local governmental unit shall submit a justification to the Committee on Training as described in subsection B of this section. The Committee on Training shall review the justification and make a recommendation to the department as to whether the establishment of an academy is warranted.

2. If the Committee on Training recommends the establishment of the proposed academy, the department shall make a determination as to whether the establishment of the academy is warranted.

3. If the establishment of the academy is approved by the department, the proposed academy must successfully complete the academy certification process.

D. The certified training academy shall submit to the department its curriculum and other information as designated within time limitations established by the department.

12/21/2011 3:42 PM

E. Each academy director shall maintain a file of all current lesson plans and supporting material for training objectives and shall provide this information to the director upon request.

F. A certified training academy is subject to inspection and review by the director or his staff.

G. The department may suspend or revoke the certification of any certified training academy upon written notice, which shall contain the reason or reasons upon which the suspension or revocation is based, to the academy's director. The academy's director may request a hearing before the director. The request shall be in writing and shall be received by the department within 15 days of the date of the notice of the suspension or revocation. The academy's director may appeal the director's decision to the board.

Statutory Authority

§ 9.1-102 of the Code of Virginia.

Historical Notes

Derived from Virginia Register Volume 14, Issue 8, eff. February 4, 1998.

**6VAC20-20-70. Grading.**

A. All certified training academies shall utilize testing procedures which indicate that every officer has satisfactorily completed the criteria in each training objective approved by the Committee on Training of the Criminal Justice Services Board. An officer may be tested and retested as may be necessary within the time limits of 6VAC20-20-40 and in accordance with each academy's written policy.

B. Certified training academies shall maintain accurate records of all tests, grades and testing procedures. Academy training records must be maintained in accordance with the provisions of these rules and §§ 42.1-76 through 42.1-91 of the Code of Virginia.

Statutory Authority

§ 9.1-102 of the Code of Virginia.

Historical Notes

Derived from VR240-01-1 § 7.0, eff. July 6, 1983; amended, Virginia Register Volume 14, Issue 8, eff. February 4, 1998.

**6VAC20-20-80. Failure to comply with rules and regulations.**

Any individual attending a certified training academy shall comply with the rules and regulations promulgated by the department. The academy director shall be responsible for enforcement of all rules and regulations established to govern the conduct of attendees. If the academy director considers a violation of the rules and regulations detrimental to the welfare of the academy, the academy director may

expel the individual from the academy. Notification of such action shall immediately be reported, in writing, to the agency administrator of the individual in accordance with the rules and regulations within the authority of the certified training academy.

Statutory Authority

§ 9.1-102 of the Code of Virginia.

Historical Notes

Derived from VR240-01-1 § 8.0, eff. July 6, 1983; amended, Virginia Register Volume 14, Issue 8, eff. February 4, 1998.

### 6VAC20-20-90. Administrative requirements.

A. Reports will be required from the agency administrator and academy director on forms approved by the department and at such times as designated by the director.

B. The agency administrator shall forward a properly executed field training form to the department for each officer, within 12 months of employment.

C. The academy director shall, within 30 days upon completion of approved training, comply with the following:

1. Submit to the department a roster containing the names of those officers who have satisfactorily completed the compulsory minimum training standards.

2. Submit to the department the final curriculum with the training objectives, hours and instructor names listed.

D. The academy director shall furnish each instructor with the applicable performance outcomes, criteria and lesson plan guides for assigned subject matter.

Statutory Authority

§ 9.1-102 of the Code of Virginia.

Historical Notes

Derived from VR240-01-1 § 9.0, eff. July 6, 1983; amended, Virginia Register Volume 14, Issue 8, eff. February 4, 1998.

### 6VAC20-20-100 to 6VAC20-20-110. [Repealed]

Historical Notes

Derived from VR240-01-1 §§ 10.0 to 11.0, eff. July 6, 1983; repealed, Virginia Register Volume 14, Issue 8, eff. February 4, 1998.

Case 4:11-cv-00045-RAJ-TEM   Document 29-4   Filed 12/23/11   Page 10 of 29 PageID# 505

prev | next

CHAPTER 50

RULES RELATING TO COMPULSORY MINIMUM TRAINING STANDARDS FOR JAILORS OR CUSTODIAL OFFICERS, COURTHOUSE AND COURTROOM SECURITY OFFICERS AND PROCESS SERVICE OFFICERS

prev | next | new search | table of contents | home

# Virginia Administrative Code

**Database updated through December 21, 2011**

### 6VAC20-50-10. Definitions.

The following words and terms when used in this chapter shall have the following meanings unless the context clearly indicates otherwise:

"Agency administrator" means any chief of police, sheriff or agency head of a state or local law-enforcement agency or agency head of a local correctional facility.

"Academy director" means the chief administrative officer of a certified training academy.

"Approved training" means training approved by the department to meet minimum training standards.

"Board" means the Criminal Justice Services Board.

"Certified training academy" means a training facility in compliance with academy certification standards operated by the state or local unit(s) of government for the purpose of providing instruction of compulsory minimum training standards.

"Compulsory minimum training standards" means the categories and performance outcomes approved by the Criminal Justice Services Board.

"Curriculum Review Committee" means a committee consisting of nine individuals representing the conduct of entry-level jailor or custodial officer, courthouse and courtroom security officer, and process service officer training. The composition of the committee shall be three representatives of sheriffs' offices, three representatives of regional jails, two representatives from academies, and one representative of the Department of Criminal Justice Services Jails Training Unit. The Committee on Training shall appoint the members of the Curriculum Review Committee.

"Department" means the Department of Criminal Justice Services.

"Director" means the chief administrative officer of the department.

"Full-time attendance" means that officers in training shall attend all classes and shall not be placed on duty or call except in cases of emergency for the duration of the school.

"School director" means the chief administrative officer of an approved training school.

Statutory Authority

§ 9.1-102 of the Code of Virginia.

Historical Notes

Derived from VR240-01-4 § 1, eff. July 1, 1987; amended, Virginia Register Volume 6, Issue 16, eff. July 1, 1990; Volume 23, Issue 9, eff. July 1, 2007.

**6VAC20-50-20. Compulsory minimum training standards.**

A. Pursuant to the provisions of subdivisions 7, 8 and 9 of § 9.1-102 and § 53.1-120 of the Code of Virginia, the board establishes the following standards for Compulsory Minimum Training Standards for full and part-time Jailors or Custodial Officers, Courthouse and Courtroom Security Officers and Process Service Officers.

B. Performance outcomes are detailed in 6VAC20-50-110.

C. Academy training categories.

| | |
|---|---|
| 1. Professionalism, Performance Outcomes | 1.1 – 1.3 |
| 2. Legal Issues, Performance Outcomes | 2.1 – 2.18 |
| 3. Communications, Performance Outcomes | 3.1 – 3.13 |
| 4. Operations, Performance Outcomes | 4.1 – 4. 9 |
| 5. Investigations, Performance Outcomes | 5.1 – 5. 5 |
| 6. Defensive Tactics/Use of Force, Performance Outcomes | 6.1 – 6.17 |
| 7. Weapons Use, Performance Outcomes | 7.1 – 7.7 |
| 8. Driver Training, Performance Outcomes | 8.1 – 8.3 |

D. Jailor or Custodial Officer Field Training Performance Outcomes. 9.1 – 9.58

E. Academy training categories – Courthouse and Courtroom Security Officer.

| | |
|---|---|
| 1. Court Security Operations and Professionalism (separate requirement) | 1.1 – 1.2 |
| 2. Legal Issues (same as Jail Performance Outcomes) | 2.1 – 2.18 |
| 3. Communications (same as Jail Performance Outcomes) | 3.1 – 3.13 |
| 4. Defensive Tactics/Use of Force (same as Jail Performance Outcome) | 6.1 – 6.17 |
| 5. Weapons Use (same as Jail Performance Outcomes) | 7.1 – 7.7 |
| 6. Transportation (same as Jail Performance Outcomes) | 8.1 – 8.3 |

F. Courthouse and Courtroom Security Officer Field Training Performance Outcomes. 9.1 – 97

G. Academy training categories – Process Service Officer.

| | |
|---|---|
| 1. Process Service Officer Operations (separate requirement) | 1.1 – 1.8 |
| 2. Legal Issues (same as Jail Performance Outcomes) | 2.1 – 2.18 |
| 3. Communications (same as Jail Performance Outcomes) | 3.1 – 3.13 |
| 4. Defensive Tactics/Use of Force (same as Jail Performance Outcomes) | 6.1 – 6.17 |
| 5. Weapons Use (same as Jail Performance Outcomes) | 7.1 – 7.7 |

6. Transportation (same as Jail Performance Outcomes)          8.1 – 8.3

H. Process Service Officer Field Training Performance Outcomes. 9.1 – 9.6

Statutory Authority

§ 9.1-102 of the Code of Virginia.

Historical Notes

Derived from VR240-01-4 § 2, eff. July 1, 1987; amended, Virginia Register Volume 6, Issue 16, eff. July 1, 1990; Volume 23, Issue 9, eff. July 1, 2007.

**6VAC20-50-21. Approval authority.**

A. The Criminal Justice Services Board shall be the approval authority for the training categories of the compulsory minimum training standards. Amendments to the training categories shall be made in accordance with the provisions of the Administrative Process Act (§ 2.2-4000 et seq. of the Code of Virginia).

B. The Committee on Training of the Criminal Justice Services Board shall be the approval authority for the performance outcomes, training objectives, criteria, and lesson plan guides that support the performance outcomes. Performance outcomes, training objectives, criteria, and lesson plan guides supporting the compulsory minimum training standards may be added, deleted, or amended by the Committee on Training based upon written recommendation of a chief of police, sheriff, agency administrator, academy director, Curriculum Review Committee, interested party, or member of the community. Any suggestions received related to performance outcomes, training objectives, criteria, and lesson plan guides shall be reviewed at the regularly scheduled meeting of the Curriculum Review Committee. If comment is received at any public hearing, the Committee on Training may make a decision at that time. Changes to the training categories will only be made in accordance with the provisions of the Administrative Process Act.

C. Prior to approving changes to the performance outcomes, training objectives, criteria, or lesson plan guides, the Committee on Training shall conduct a public hearing. Sixty days prior to the public hearing, the proposed changes shall be distributed to all affected parties for the opportunity to comment. Notice of change of the performance outcomes, training objectives, criteria, and lesson plan guides shall be filed for publication in the Virginia Register of Regulations upon adoption, change, or deletion. The department shall notify each certified academy in writing of any new, revised, or deleted objectives. Such adoptions, changes, or deletions shall become effective 30 days after notice of publication in the Virginia Register.

12/21/2011 2:02 PM

Statutory Authority

§ 9.1-102 of the Code of Virginia.

Historical Notes

Derived from Virginia Register Volume 23, Issue 9, eff. July 1, 2007; amended, Virginia Register Volume 25, Issue 22, eff. January 1, 2010.

## 6VAC20-50-30. Applicability.

A. Every person employed as a jailor or custodial officer in accordance with subdivision 9 of § 9.1-102 of the Code of Virginia shall meet compulsory minimum training standards established in subsections B, C, and D of 6VAC20-50-20 unless provided otherwise in accordance with subsection D of this section.

B. Every person employed as a Courthouse and Courtroom Security Officer in accordance with subdivision 7 of § 9.1-102 of the Code of Virginia shall meet compulsory minimum training standards established in subsections E and F of 6VAC20-50-20 unless provided otherwise in accordance with subsection D of this section.

C. Every person employed as a Deputy Sheriff Designated to Serve Process in accordance with § 15.2-1612.1 of the Code of Virginia shall meet compulsory minimum training standards established in subsections G and H of 6VAC20-50-20 unless provided otherwise in accordance with subsection D of this section.

D. The director may grant an exemption or partial exemption of the compulsory minimum training standards as established herein, in accordance with § 9.1-116 of the Code of Virginia.

Statutory Authority

§ 9.1-102 of the Code of Virginia.

Historical Notes

Derived from VR240-01-4 § 3, eff. July 1, 1987; amended, Virginia Register Volume 6, Issue 16, eff. July 1, 1990; Volume 23, Issue 9, eff. July 1, 2007.

## 6VAC20-50-40. Time requirement for completion of training.

A. Every jailor or custodial officer, courthouse and courtroom security officer and process service officer who is required to comply with the compulsory minimum training standards shall satisfactorily complete such training within 12 months of the date of appointment as a jailor or custodial officer, courtroom security officer or process service officer unless provided otherwise in accordance with subsection B of this section.

B. The director may grant an extension of the time limit for completion of the minimum training required upon presentation of evidence by the agency administrator that such officer was unable to complete the required training within the specified time limit due to illness, injury, military service, special duty assignment required and performed in the public interest or leave without pay or suspension pending investigation or adjudication of a crime. The agency administrator shall request such extension prior to expiration of any time limit.

C. Any jailor or custodial officer, courthouse and courtroom security officer or process service officer who originally complied with all applicable training requirements and later separated from jailor or custodial officer, courtroom security officer, process service officer status, in excess of 24 months, upon reentry as a jailor, courthouse and courtroom security officer/process server will be required to complete all compulsory minimum training standards unless provided otherwise in accordance with 6VAC20-50-30 D.

Statutory Authority

§ 9.1-102 of the Code of Virginia.

Historical Notes

Derived from VR240-01-4 § 4, eff. July 1, 1987; amended, Virginia Register Volume 6, Issue 16, eff. July 1, 1990; Volume 23, Issue 9, eff. July 1, 2007.

**6VAC20-50-50. How compulsory minimum training may be attained.**

A. The compulsory minimum training standards shall be attained by attending and satisfactorily completing performance outcomes at certified training academy and field training requirements.

B. Officers attending a certified training academy are required to attend all classes and should not be placed on duty or on call except in cases of emergency.

C. All certified training academies that begin on or after July 1, 2007, shall be conducted in conformance with the Rules Relating to Compulsory Minimum Training Standards for Jailors or Custodial Officers, Courthouse and Courtroom Security Officers and Process Service Officers as amended by the board on September 14, 2006. However, the period July 1, 2007, through June 30, 2008, shall serve as a transition period wherein certified training academies may be approved by the department to conduct training according to the Rules Relating to Compulsory Minimum Training Standards for Jailors or Custodial/Courthouse and Courtroom Security Officers/Deputy Sheriffs Designated to Serve Process as amended by the board on April 4, 1990, or according to the Rules Relating to Compulsory Minimum Training Standards for Jailors or Custodial Officers, Courthouse and Courtroom Security Officers and

Process Service Officers as amended by the board on September 14, 2006.

Statutory Authority

§ 9.1-102 of the Code of Virginia.

Historical Notes

Derived from VR240-01-4 § 5, eff. July 1, 1987; amended, Virginia Register Volume 6, Issue 16, eff. July 1, 1990; Volume 23, Issue 9, eff. July 1, 2007; Errata, 23:11 VA.R. 1893 February 5, 2007.

**6VAC20-50-60. Certified training academies.**

A. To become a certified academy, a state or local unit of government must demonstrate a need that contains the following elements:

1. The inability to obtain adequate training from existing academies or a sufficient hardship that renders the use of other existing academies impractical.

2. Based upon a training needs assessment, a sufficient number of officers to warrant the establishment of a full-time training function for a minimum of five years.

B. In addition, the state or local unit of government must make the following commitments:

1. Provide a full range of training to include entry-level training, in-service training, instructor certification and recertification training and specialized training.

2. Assignment of one position with primary responsibility as academy director and one clerical position to support training and training-related functions.

3. Maintain a training facility adequate to conduct training in accordance with academy certification standards.

4. Commitment of sufficient funding to adequately support the training function.

C. Process.

1. The state or local governmental unit shall submit a justification, as outlined in subsection B of this section, to the Committee on Training, which shall review the justification and make a recommendation to the department as to whether the establishment of an academy is warranted.

2. If the Committee on Training recommends the establishment of the proposed academy, the department shall make a determination as to whether the establishment of the academy is warranted.

3. If the establishment of the academy is approved by the department, the proposed academy must successfully complete the academy certification process and be in compliance with §

15.2-1747 of the Code of Virginia.

D. Each certified academy director shall maintain a file of all current lesson plans and supporting material for each subject contained in the compulsory minimum training standards. The certified training academy shall submit to the department its curriculum and other information as designated within time limits established by the department.

E. Certified academies that are approved shall be subject to inspection and review by the director.

F. The department may suspend or revoke the approval of a certified training school academy upon written notice to the academy's director. The notice shall contain the reason(s) upon which the suspension or revocation is based. The academy's director may request a hearing before the director or his designee. The request shall be in writing and must be received by the department within 15 days of the date of the notice of suspension/revocation. The school's director may appeal the decision of the director or his designee to the board. Such request shall be in writing and must be received by the board within 15 days of the date of the decision of the director or his designee.

Statutory Authority

§ 9.1-102 of the Code of Virginia.

Historical Notes

Derived from VR240-01-4 § 6, eff. July 1, 1987; amended, Virginia Register Volume 6, Issue 16, eff. July 1, 1990; Volume 23, Issue 9, eff. July 1, 2007.

## 6VAC20-50-70. Grading.

A. All certified training academies shall utilize testing procedures that indicate that every officer, prior to satisfactory completion of the training, has passed the criteria for testing and met the training objectives related to each performance outcome specified in the document entitled "Performance Outcomes for Compulsory Minimum Training Standards for Jailors or Custodial Officer, Courthouse and Courtroom Security Officers and Process Service Officers."

B. The officer may be tested and retested as may be necessary within the limits of 6VAC20-50-40 A and each certified training academy's written policy. An officer shall not be certified as having complied with the compulsory minimum training standards unless all applicable requirements have been met.

C. Certified training academies shall maintain accurate records of all tests, grades and testing procedures. Academy training records must be maintained in accordance with the provisions of these rules and §§ 42.1-76 through 42.1-91 of the Code of Virginia.

Statutory Authority

§ 9.1-102 of the Code of Virginia.

Historical Notes

Derived from VR240-01-4 § 7, eff. July 1, 1987; amended, Virginia Register Volume 6, Issue 16, eff. July 1, 1990; Volume 23, Issue 9, eff. July 1, 2007.

### 6VAC20-50-80. Failure to comply with rules and regulations.

Any individual attending a certified training academy shall comply with the rules and regulations promulgated by the department. The academy director shall be responsible for enforcement of all rules and regulations established to govern the conduct of attendees. If the academy director considers a violation of the rules and regulations detrimental to the welfare of the academy, the academy director may expel the officer from the academy. Notification of such action shall immediately be reported, in writing, to the agency administrator of the officer in accordance with rules and regulations within the authority of the certified training academy.

Statutory Authority

§ 9.1-102 of the Code of Virginia.

Historical Notes

Derived from VR240-01-4 § 8, eff. July 1, 1987; amended, Virginia Register Volume 6, Issue 16, eff. July 1, 1990; Volume 23, Issue 9, eff. July 1, 2007.

### 6VAC20-50-90. Administrative requirements.

The academy director shall maintain a final curriculum that includes performance outcomes, hours and instructor names.

Statutory Authority

§ 9.1-102 of the Code of Virginia.

Historical Notes

Derived from VR240-01-4 § 9, eff. July 1, 1987; amended, Virginia Register Volume 6, Issue 16, eff. July 1, 1990; Volume 23, Issue 9, eff. July 1, 2007.

### 6VAC20-50-100. Effective date.

This chapter shall be effective on and after July 1, 1990, and until amended or repealed.

Statutory Authority

§ 9.1-102 of the Code of Virginia.

Historical Notes

12/21/2011 2:02 PM

Derived from VR240-01-4 § 10, eff. July 1, 1987; amended, Virginia Register Volume 6, Issue 16, eff. July 1, 1990.

**6VAC20-50-110. Performance outcomes.**

Text of section effective July 1, 2007

Jail, Court Security, Civil Process Service Performance Outcomes —Category 1

Professionalism

In conjunction with responding to calls for jail, court security or civil process service, the officer must demonstrate professionalism in every aspect of performance of these services. The officer faces challenges every day that require knowledge, judgment, skill, and ability from multiple and varied sources. To meet those successfully, the officer must attain and maintain professionalism in the performance of all duties. Expected performance outcomes include the following:

1.1.—1.3. Jail and 1.6.—1.8. Court Security/Civil Process Professionalism

1.1. and 1.6 (CS/CP) Maintain a professional appearance with respect to clothing, grooming, and equipment.

1.2. and 1.7 (CS/CP) Behave in a fair, positive and courteous manner with inmates and the public to develop a trust relationship and positive community relationship.

1.3. and 1.8 (CS/CP) Apply knowledge of the law relating to gambling and identify its impact on professionalism.

Jail, Court Security, Civil Process Service Performance Outcomes —Category 2

Legal Issues

In conjunction with responding to calls for jail, court security, or civil process service, the officer must identify legal requirements related to the Constitution of the United States, the Code of Virginia, and/or local ordinances where applicable. Expected performance outcomes include this basic knowledge and cover the following:

2.1—2.16 Basic Law

2.1. Perform the duties of a deputy/jail officer in compliance with constitutional requirements and the Bill of Rights.

2.2. Perform the duties of a deputy/jail officer/court security or civil process service officer with awareness of personal and agency liability.

2.3. Perform duties of a deputy/jail officer according to laws governing the office of sheriff and

regional jails.

2.4. Respond to request by determining whether the facts are civil or criminal.

2.5. Obtain an arrest warrant from proper authority.

2.6. Arrest persons with a warrant.

2.7. Arrest persons without a warrant.

2.8. Answer questions regarding the progress of a case according to rules of privacy and security controlling access to records.

2.9. Serve mental health commitment papers.

2.10. Apply knowledge of the law to related to family abuse and protective orders.

2.11. Apply knowledge of law to obtain information from a subject conforming to constitutional requirements.

2.12. Conduct searches and seizures under the following conditions:

- with and without a warrant

- incident to hot pursuit

- with or without consent

- incident to arrest

- confer with the local Commonwealth's Attorney under unusual search and seizure circumstances

2.13. Frisk or search a subject.

2.14. Identify, establish custody of, and record a chain of custody for evidence, seized or detained property, or recovered property.

2.15. Identify legal basis for use of force by an officer.

2.16. Identify the circumstances under which a person is fingerprinted.

Jail, Court Security, Civil Process Service Performance Outcomes —Category 3

Communications

In conjunction with responding to calls for jail, court security, civil process service, the officer must demonstrate knowledge of and ability to utilize a variety of communication skills designed to support the various duties required of the officer. Expected performance outcomes include this basic knowledge and cover the following:

3.1—3.13.

3.1. Communicate with law-enforcement and detention facility personnel to exchange information in order to obtain or provide assistance in an investigation.

3.2. Interview a complainant, witness, victim, or inmate.

3.3. Summarize in writing the statements of inmates, witnesses and complainants.

3.4. Answer inquiries from prisoners or about prisoners according to agency policy (including talking with family, other people authorized by adult prisoners, or other agencies).

3.5. Calm emotionally upset individuals, and communicate an emergency message.

3.6. Use crisis communication techniques as appropriate (hostile/confrontational persons). Maintain calm and prevent a situation from becoming worse.

3.7. Stop or intervene with persons attempting to commit suicide.

3.8. Write reports.

3.9. Prepare written reports to record injuries to inmates, an officer, and an employee or a civilian.

3.10. Prepare for court testimony and testify in court; in a legal and an administrative proceeding; before grand juries; in criminal trials; in evidence suppression hearings; in implied consent hearings; at probable cause hearings.

3.11. Verbally communicate with people with different levels of understanding.

3.12. Manage stress professionally.

Jail Performance Outcomes —Category 4

Operations

In conjunction with responding to calls for jail services, the officer must demonstrate knowledge and ability to perform duties related to jail operations. Expected performance outcomes include this basic knowledge and cover the following:

4.1—4.9.

4.1. Commit a prisoner to a jail.

4.2. Supervise an inmate within a jail according to classification criteria.

4.3. Identify the records, documents and reports used within a jail.

4.4. Monitor visitors and inmates.

4.5. Observe and supervise inmates within and outside of a jail.

4.6. Transfer and/or release an inmate from a jail.

4.7. Protect inmates as needed and control violent or unruly inmates.

4.8. Administer cardio-pulmonary resuscitation (CPR) and basic first aid.

4.9. Conduct jail operations with awareness of terrorism possibilities.

Jail Performance Outcomes —Category 5

Investigations

In conjunction with responding to calls for jail services, the officer must demonstrate knowledge and ability relating to investigational skills designed to support the various duties of an officer. Expected performance outcomes include this basic knowledge and cover the following:

5.1.—5.5.

5.1. Investigate complaints from inmates.

5.2. Use structured problem solving method to identify and alleviate the causes of problems within the jail.

5.3. Observe individual to recognize signs of abnormal behavior/mental illness.

5.4. Investigate unusual odors and sounds.

5.5. Investigate injuries to inmates.

Jail, Court Security, Civil Process Service Performance Outcomes —Category 6

Defensive Tactics/Use of Force

In conjunction with responding to calls for jail, court security, civil process service, the officer must demonstrate knowledge of and ability to utilize a variety of defensive tactics along with judgment necessary to evaluate a situation relating to appropriate use of force. The safety of the officer and the public being served is vitally influenced by this knowledge and ability. Expected performance outcomes include this basic knowledge and cover the following:

6.1.—6.5. Officer Safety

6.1. Search juvenile(s), visitor(s), subject(s), arrested person(s), or inmates(s)

6.2. Restrain publicly intoxicated, disruptive, or violent individuals.

6.3. Participate in cell and area searches when assigned.

6.4. Extract a subject out of a vehicle and a cell.

6.5. Approach people on foot and from department vehicle.

6.6—6.7. Judgment and Use of Force Criteria

6.6. Identify necessary and appropriate use of force.

6.7. Break up fights between two or more persons.

6.8.—6.13. Weaponless Defense Techniques

6.8. Use weaponless techniques to subdue a subject resisting arrest or to control a subject.

6.9. Subdue a physically attacking person.

6.10. Subdue a noncompliant subject/inmate and place in a prone position.

6.11. Pursue a fleeing subject/inmate on foot and subdue the subject/inmate when apprehended.

6.12. Use touch pressure or striking pressure to control a subject/inmate.

6.13. Disarm an armed subject.

6.14. Impact Weapon Techniques

6.14. Use an impact weapon to control a subject.

6.15. Physical Restraints

6.15. Handcuff subject(s) and apply restraints.

6.17.—6.18. Chemical Agents

6.17. Use chemical agents and other crowd management equipment.

6.18. Control nonviolent groups, hostile groups, and/or disorderly assemblies and when necessary, physically restrain a crowd or confront in tactical formation.

Jail, Court Security, Civil Process Service Performance Outcomes —Category 7

Weapons Use

In conjunction with responding to calls for jail, court security, civil process service, the officer must demonstrate knowledge of and ability to utilize a variety of weapons along with judgment necessary to evaluate a situation relating to appropriate use of force. The safety of the officer and the public being served is vitally influenced by this knowledge and ability. Expected performance outcomes include this basic knowledge and cover the following:

7.1.—7.6. Firearms—Using, Cleaning, Transporting, Security

7.1. Clean and inspect weapon system.

7.2. Using proper hand grip and observation, draw issued weapon from holster.

7.3. Clear stoppage in semi-automatic weapons, revolvers, and shotguns. Demonstrate safe

handling of weapons on the range and on and off duty.

7.4. Fire a handgun and shotgun in various combat situations using issued equipment.

7.5. Secure weapons while off duty.

7.6. Carry a firearm when off duty.

Jail, Court Security, Civil Process Service Performance Outcomes —Category 8

Transportation

In conjunction with responding to calls for jail, court security, civil process service, the officer must demonstrate knowledge of and ability to drive a vehicle. The safety of the officer and the public being served is vitally influenced by this knowledge and ability. Expected performance outcomes include this basic knowledge and cover the following:

8.1.—8.3. Judgment and Application

8.1. Operate agency vehicle on various road surfaces and conditions.

8.2. Transport person(s) to various locations outside of the institution.

8.3. Transport ill or injured subject to receive medical care.

Jail Performance Outcomes —Category 9

Field Training

In conjunction with completing basic academy training, the deputy/jail officer must identify requirements related to the employing agency, and community resources and agencies that may assist a person in need. Expected performance outcomes include this basic knowledge and cover the following:

9.1—9.31. Policies, Procedures, and Operations

9.1. Identify agency policy regarding professional appearance related to clothing and grooming.

9.2. Identify agency policy and procedures for handling violations of professional, ethical, or legal standards of conduct by fellow deputies/jail officers.

9.3. Identify agency policies related to commitment and treatment of prisoners.

9.4. Identify agency policy and procedure related to treatment of juvenile offenders.

9.5. Identify agency policy and procedure related to communicating information about a prisoner to internal and external authorities.

9.6. Identify agency policy and procedure for obtaining assistance for communicating with various cultural backgrounds or with various disabilities.

9.7. Identify agency policy and procedure related to receiving, securing, and disbursing funds from

an inmate's personal account.

9.8. Identify agency policy related to filing and retrieving records in agency system.

9.9. Identify agency policy related to removing a report from agency records system as appropriate and required by law and when assigned to make this removal.

9.10. Identify agency policy for reporting maintenance problems.

9.11. Identify agency policy for performing a safety inspection.

9.12. Identify agency policy and procedures for participating in searches with multiple agencies.

9.13. Identify agency policy and procedure for conducting interrogations.

9.14. Identify agency policy regarding the communication of emergency messages.

9.15. Identify agency policy and procedure for documenting proceedings related to dealing with emotionally upset individuals.

9.16. Identify agency policy and procedure for documenting proceedings related to a inmate who commits suicide.

9.17. Identify agency policy and procedures for obtaining an emergency custody order or temporary detention order.

9.18. Identify department policy related to explaining a violation of county or municipal ordinance(s) that is the basis for issuing a summons to a violator.

9.19. Identify department policy relating to use of discretion regarding a violation of law or ordinance.

9.20. Identify agency policy and procedure for establishing and tracking chain of custody of evidence.

9.21. Identify agency policy, procedure, and documentation required for return of property held as evidence when lawfully released.

9.22. Identify agency policy and procedure for making a warrantless arrest.

9.23. Identify agency policy regarding information that may be given to families of adult defendants.

9.24. Identify agency policy and procedure to initiate inmate disciplinary actions.

9.25. Identify agency policy and procedure to issue and document provision of nonprescription and prescription medicine in the absence of medical staff.

9.26. Identify agency policy related to sexual harassment in the workplace.

12/21/2011 2:02 PM

9.27. Identify agency policy and procedure related to operation of emergency vehicles.

9.28. Identify agency policy and procedures to follow upon the death of an inmate.

9.29. Identify agency policy and procedure for interrogations.

9.30. Identify department policy related to use of records, documents, and reports within the department.

9.31. Identify department policy and procedure for transporting and escorting a person for the purpose of obtaining personal property from a person under a restraining order.

9.32—9.37. Use of Force, Weapons Use

9.32. Identify agency policy related to use of force.

9.33. Identify agency policy related to use of restraints, weapons (including impact weapons), electronic immobilization devices, and chemical sprays.

9.34. Identify agency policy and procedure for documenting injuries to a prisoner.

9.35. Identify agency policy and procedure for documenting injuries to staff.

9.36. Identify agency policy and procedure for documenting incidents that required a use of force.

9.37. Identify agency policy related to carrying a firearm while off duty.

9.38—9.40. Transporting Prisoners

9.38. Identify agency policy related to medical transports involving rescue squads or other nonagency vehicle.

9.39. Identify agency policy related to nontraditional medical transports, i.e., pregnant inmate, disabled inmate (various disabilities), etc.

9.40. Identify agency policy and procedure for searching, securing, and transporting a prisoner to mental health facility.

9.41—9.44. Safety Training

9.41. Complete the Virginia Occupational Safety and Health training related to exposure to blood-borne pathogens.

9.42. Demonstrate use of protective gear for air borne pathogens.

9.43. Notify persons exposed to blood or body fluids while assisting a deputy or jail officer that they have a right to the test results for HIV or hepatitis.

9.44. Identify procedure for a deputy or jail officer to follow to obtain a blood sample from an individual related to a blood exposure.

9.45—9.61. General Tasks

9.45. Stand, walk or sit for more than half of work shift.

9.46. Perform duties while wearing heavy equipment other than a gun belt (SCBA, Scott Air Pack, Ballistic Vest, Riot Gear).

9.47. Participate in drills (fire, disaster, hostage situations, and/or evacuations).

9.48. Facilitate group meetings within facility, if assigned.

9.49. Review incoming and outgoing mail and distribute mail.

9.50. Operate controls and radios for facility.

9.51. Inspect security devices and report deficiencies.

9.52. Maintain security of keys and tools and report discrepancies.

9.53. Report and document need for repairs to any equipment or tools used in the facility.

9.54. Inspect/wear emergency response equipment and protective gear/apparatus of agency and report any deficiencies.

9.55. Operate agency fire extinguisher to extinguish fires.

9.56. Check audio/video communications equipment for proper operation and report any deficiencies.

9.57. Discuss any personal or on-the-job problems with your supervisor.

9.58. Inspect electrical wiring, plugs, and receptacles for operation and safety.

9.59. Inventory forms and other supplies.

9.60. Test emergency power supply when directed.

9.61. Fingerprint subject for commitment to jail if assigned.

### Separate Court Security Performance Outcomes

1.1—1.5. Operations

1.1. Search courtrooms and court related areas for hidden weapons and contraband.

1.2. Search courtrooms and court related areas for hidden weapons and contraband.

1.3. Conduct periodic security checks to identify, correct and document any security breaches.

1.4. Evacuate courtrooms and court buildings in an emergency.

1.5. Conduct court security procedures with awareness of terrorism possibilities.

9.1-1—9.1-8. Court Security Field Training

9.1. Identify agency policy regarding professional appearance related to clothing and grooming.

9.2. Identify agency policy and procedures for handling violations of professional, ethical, or legal standards of conduct by fellow deputies/court security officers.

9.3. Identify agency policies related to security of prisoners in court and determining any special security needs.

9.4. Identify agency policy and procedure related to treatment of juvenile prisoners.

9.5. Identify agency policy and procedure related to communicating information about a prisoner to internal and external authorities.

9.6. Identify agency policy and procedure for obtaining assistance for communicating with various cultural backgrounds or with various disabilities.

9.7. Identify department policy relating to emergency evacuation plans for courtrooms and courthouses.

9.8. Identify department policy and procedures related to jury protection and jury sequestering.

### Separate Civil Process Service Performance Outcomes

1.1—1.8. Operations

1.1. Serve civil process and/or make proper return.

1.2. Handle problems encountered with animals during evictions and levies.

1.3. Halt civil process proceedings due to bankruptcy.

1.4. Notify jurors for potential jury service when assigned.

1.5. Execute levies.

1.6. Serve eviction notices.

1.7. Execute eviction orders using deputy safety precautions.

1.8. Oversee removal of physical property of evictee from premises.

9.1.—9.6. Civil Process Service Field Training

9.1. Identify agency policy regarding professional appearance related to clothing and grooming.

9.2. Identify agency policy and procedures for handling violations of professional, ethical, or legal standards of conduct by fellow process service officers.

9.3. Identify agency policy and procedure related to communicating information about service of process to internal and external authorities.

12/21/2011 2:02 PM

9.4. Identify agency policy and procedure for obtaining assistance for communicating with various cultural backgrounds or with various disabilities.

9.5. Identify agency policy and procedures for eviction when an outstanding warrant exists.

9.6. Identify department policy related to explaining a violation of county or municipal ordinance(s) that is the basis for service of process.

Statutory Authority

§ 9.1-102 of the Code of Virginia.

Historical Notes

Derived from Virginia Register Volume 23, Issue 9, eff. July 1, 2007.

12/21/2011 2:02 PM