IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

BOBBY BLAND, DANIEL RAY CARTER, JR., DAVID W. DIXON, ROBERT W. MCCOY, JOHN C. SANDHOFER, and DEBRA H. WOODWARD

    Plaintiffs,

v.

    CASE NO. 4:11-CV-45

B.J. ROBERTS, individually and in his official capacity as Sheriff of the City of Hampton, Virginia

    Defendant.

## DECLARATION

I, David Dixon, having direct knowledge of the information set forth herein, hereby depose and declare as follows:

1. I am a citizen and resident of the Commonwealth of Virginia and the United States. I maintain my principal residence at 16 Woodsman Road, Hampton, Virginia 23666.

2. From July, 1996 to December, 2009, I was employed as a Deputy Sheriff within the Hampton Sheriff's Office under B.J. Roberts. I served as a sworn, uniformed Deputy Sheriff. I served as a jailer at the time of my termination and had served in this capacity from early 2009. I had no role in making policy for the Hampton Sheriff's Office. My contact with the public was relatively limited. I had no leadership responsibilities within the office. I was not a confidant of the Sheriff or a custodian of any confidential information.

3. I have never served as a "law enforcement officer." I never attended the "Basic Law Enforcement" course required by DCJS in order to serve in that capacity. I served in the

Exhibit 7

Hampton Sheriff's Office as a jailer. My only formal training for the job was the "Basic Jailor" course offered by DCJS. I have never exercised any power of arrest. I was not aware I had the power of arrest while I was employed by the Hampton Sheriff's Office and was under the general impression that I did not.

4. My supervisor at the time of my termination was Lt. Harry Lewis.

5. At all times during my employment as a Deputy in the Hampton Sheriff's Office, I performed in an exemplary manner. I always received "above average" performance evaluations. My final performance evaluation in the Hampton Sheriff's Office that I received before my termination was "outstanding", the highest overall performance rating that could be received.

6. In November 2009, Sheriff Roberts was up for re-election for the office of Sheriff of the City of Hampton.

7. Sheriff Roberts required absolute political loyalty from all of the senior officers within his office. I directly observed Sheriff Roberts repeatedly use the power and resources of his office in his re-election efforts. He used low-level employees to plan, staff and execute political activities and events while on a paid status. I have observed him use prisoners to set up tents, buffets, tables, etc. for his campaign fundraising efforts. Senior officers within the office would use heavy-handed tactics to get employees to sell tickets and/or buy them directly for Sheriff Roberts' campaign fundraising events. They did this at work and on the clock. It happened every year. I have frequently observed Sheriff Roberts and his senior officers give what were essentially campaign speeches to large groups of Hampton Sheriff's Office employees while everyone involved was at work and on the clock.

8. On Election Day, 2009, as I was exiting the polling station, I saw Frances Pope, another Hampton Sheriff's Office deputy working the polls for Sheriff Roberts. On the way out, I told her that she should "just throw that stuff away" or words to that effect. I used no expletives or invective and I was not disrespectful or hostile to Frances in any way. I was not confrontational. While anyone would reasonably have inferred from my statement that I supported Jim Adams, I made my statement to Frances in a friendly way.

9. After I came back to work from leaving the polls, my lieutenant, Harry Lewis, pulled me aside and said "What did you say today to Frances Pope?" I explained what I said to him and then Lewis told me that I needed to go apologize or that "this could get you put out of here."

10. I supported Jim Adams for Sheriff and during the 2009 campaign season, I affirmatively expressed my support for Adams to several persons. I did not do this at work. Moreover, I was never disruptive within the Hampton Sheriff's Office or disrespectful to the Sheriff.

11. In years prior to 2009, I provided significant support to the Sheriff's re-election efforts in various ways, including: putting up yard signs, handing out fliers, working polls, buying tickets to campaign events, attending campaign events, etc. In 2009, I did none of these things.

12. Major Richardson was in charge of selling tickets to the Sheriff's barbecue and golf tournament. He would frequently tell employees, "you either sell the tickets or you buy them." I have heard him say this on several occasions.

13. I have heard Sheriff Roberts' senior officers make the following statements to low-level Hampton Sheriff's Office employees on many occasions:

    a)    "If you don't support the Sheriff, you're going to be out of here";
    b)    "If you don't support the Sheriff, you are not going anywhere";
    c)    "Be sure you are supporting the right person";
    d)    "It is in your best interest to support the sheriff".

14. In the late summer of 2009, I attended a shift-change meeting at which Sheriff Roberts spoke. I remember him being upset and noting that he had learned that certain employees within the office were on Facebook supporting Jim Adams' candidacy for Sheriff. He made a statement in which it was clear that, if he found employees openly supporting his opponent, that they would be fired. He noted that he was going to "have this job as long as I want it." He said that "my train is the long train." He said "if you want to get on the short train with the man I fed for sixteen years, you're going to be out of here." He made some reference about how bad the economy was and how valuable our jobs were.

15. I was terminated immediately following the election.

16. At no time prior to my termination in 2009 did either my immediate supervisor, Lieutenant Harry Lewis, or my second-level supervisor, Major Kenneth Richardson, indicate that they had any problems with my performance.

I declare under penalty of perjury that the foregoing is true and correct.

_12/21/11_  
Date

_[signature]_  
**DAVID W. DIXON**