**Exhibit 24**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

BOBBY BLAND, et al.

      Plaintiffs,

v.

B.J. ROBERTS,                      CASE NO. 4:11-CV-45

      Defendant.

## DECLARATION

I, Deborah Davis, having direct knowledge of the information set forth herein, hereby depose and declare as follows:

1. I am a citizen and resident of the Commonwealth of Virginia and the United States. I maintain my principal residence at 5320 Marsh Landing, Suffolk, Virginia 23435.

2. From October 1999 to May 2008, I was employed as the Director of Administration within the Hampton Sheriff's Office under B.J. Roberts. I served as a non-sworn, non-uniformed executive within the office responsible for administration, human resources and finance.

3. Bobby Bland was my subordinate for nearly my entire tenure. Debbie Woodward was my subordinate as well but for a shorter period. They were employed in administrative support roles and had no policy-making authority. Their duties were primarily recordkeeping, monitoring accounts (Bland) and related ministerial duties. Any communications they had with persons outside the Hampton Sheriff's Office were routine in nature and incident to ministerial, routine tasks.

4. During my lengthy tenure in the Hampton Sheriff's Office, I observed

irregularities that troubled me. Ultimately, they contributed to my decision to leave the Hampton Sheriff's Office in 2008. An example of this is the Sheriff's practice of having employees, on the clock, work his annual golf tournament and barbecue. This event is a fundraising effort put on in support of his political campaign committee. Over the course of several years, the year 2008 included, I was aware of Hampton Sheriff's Office employees setting up this event and working in support of this event while on the office payroll.

5. The Hampton Sheriff's Office routinely receives federal funds for the housing and transportation of prisoners incarcerated in the federal system. These funds are received from the United States Marshal Service.

6. During my employment with the Hampton Sheriff's Office, I directly supervised Bobby Bland and Debra Woodward at various times. They were both excellent employees. I never noted or reported any performance deficiencies about either of them to any senior officials within the Hampton Sheriff's Office or to anyone else for that matter.

7. Sheriff Roberts has always made a practice in the past, when contemplating the conversion of a position from civilian to deputy status, of asking the incumbent whether or not they wanted to become a deputy and offering them the chance to do so, assuming they were performing in a satisfactory manner. The only times I am aware of this not being done is when the civilian employee could not medically qualify.

8. I was very close with Bobby Bland when I worked in the Hampton Sheriff's Office. I socialized with Bobby and his wife on occasion. My closeness to Bobby on a social level was well-known among the Sheriff's senior staff and with the Sheriff himself. In early 2009, I became the campaign treasurer for Jim Adams, Sheriff Roberts' main opponent in the 2009 election for the office of Hampton Sheriff.

I declare under penalty of perjury that the foregoing is true and correct.

__12/23/2011__                                              __Deborah Davis__
Date                                                                              Deborah Davis